# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Peter John Grzeskowiak, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 2:14-cv-7 |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| Nodak Electric, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Peter John Grzeskowiak ("Grzeskowiak"), who is proceeding *pro se* and *in forma pauperis*, filed a complaint alleging the defendant, Nodak Electric ("Nodak"), violated the Americans with Disabilities Act ("ADA") and Title VI of the Civil Rights Act. (Doc. #5). Specifically, Grzeskowiak asserts that after servicing his house, Nodak left clay all over his driveway and refused to restore the driveway to its original condition despite his requests to do so. Id. Grzeskowiak contends that after it rains he is unable to use his driveway because the clay makes his driveway too slippery. Id. Grzeskowiak alleges he suffered physical and psychological pain as a result of Nodak's actions and seeks $900,000 for punitive damages. Id.

Under 28 U.S.C. § 1915(e)(2), the court may *sua sponte* review an *in forma pauperis* complaint and dismiss the action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Plaintiff's complaint must be construed liberally, although it must still state a claim as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

## Americans with Disabilities Act

Grzeskowiak does not specify under which title of the ADA he is entitled to relief. "Title I prohibits discrimination in employment against qualified individuals with disabilities."

Klingler v. Dir., Dep't of Revenue, State of Mo., 433 F.3d 1078, 1080 (8th Cir. 2006)(citing 42 U.S.C. § 12112). "Title II prohibits 'public entities' from excluding disabled individuals from or denying them the benefits of programs, activities, or services, and from otherwise discriminating against them." Id. (citing 42 U.S.C. § 12132). "Title III prohibits discrimination or the denial of 'full and equal enjoyment' of goods, services, and other benefits provided by 'places of public accommodation' operated by private entities." Id. (citing 42 U.S.C. §§ 12181(6), (7), 12182).

Grzeskowiak is not employed by Nodak so Title I does not apply. Further, Grzeskowiak contends Nodak spread clay on his driveway which is not a "place of public accommodation" and therefore Title III does not apply. In regard to Title II, a "public entity" is defined by the ADA as:

> (A) any State or local government;
> (B) any department, agency, special purpose district or other instrumentality of a State or States or local government; and
> (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49).

42 U.S.C. § 12131. Nodak Electric does not qualify as a public entity, and therefore, is not governed by Title II of the ADA. Accordingly, Grzeskowiak fails to state a claim under the ADA.

**Civil Rights Act - Title VI**

The provisions plaintiff cites from the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, relate to discrimination "on the ground of race, color, or national origin" under "any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Plaintiff makes no allegation in his complaint that Nodak receives federal financial assistance for any program or activity in which they are engaged. (Doc. # 5). Further, Grzeskowiak makes no allegation that Nodak's actions discriminated against him on the basis of race, color or national origin. Accordingly,

Grzeskowiak fails to state a claim under Title VI of the Civil Rights Act.

## Conclusion

The magistrate judge **RECOMMENDS** plaintiff's complaint (Doc. #5) be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

Dated this 30th day of April, 2014.

      /s/ *Karen K. Klein*
      Karen K. Klein
      United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than May 19, 2014, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.